UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDRE RICE, | ) | CASE NO. 3:09 CV 2970 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| LUCAS COUNTY CORRECTION | ) | |
| CENTER, , et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Andre D. Rice filed the above-captioned action under 42 U.S.C. § 1983 against the Lucas County Correction Center and Correction Medical Service.  In the complaint, plaintiff alleges he slipped in a puddle outside of his cell.  He seeks monetary damages.

**Background**

Mr. Rice alleges that he slipped in a puddle of water outside of his cell on the morning of September 24, 2006, causing him to fall.  He indicates he struck his head on the floor and lost consciousness.  He states he was awakened by a corrections officer who summoned medical assistance.  He claims a nurse responded to the call and gave him a cursory medical exam, but did not move him to the medical department.

Mr. Rice indicates that for the next three days, he made several requests to be

referred to doctor's sick call but received no reply from the medical department. A Corrections Center Counselor intervened and Mr. Rice receive an appointment with a physician three days after his fall occurred. He indicates he was given medication and returned to his cell. He claims he remained in bed until he was transferred from the Lucas County Corrections Center on October 5, 2006.

Nearly two years after his transfer from the Lucas County facility, on July 7, 2008, a physician at the Toledo Correctional Institution ordered an MRI for Mr. Rice's back. Mr. Rice contends that he was informed on July 14, 2008 that he had a torn disk in his L1 vertebrae, and damages to the L4 and L5 lumbar disks. He had an appointment with a pain management specialist in September 2009. He claims he will not be able to work in shipping and receiving, forklift operation, production and manufacturing, carpentry, masonry, or fence installation. He claims he has also gained 50 pounds, suffers from depression, and believes this injury will limit his sexual activity. He seeks $ 1,200,000.00 in damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As an initial matter, this is Mr. Rice's second attempt to bring a lawsuit against the Lucas County Corrections Center to recover for injuries sustained when he slipped in a puddle of water and fell on September 24, 2006. His first lawsuit, Rice v. Lucas County Corr. Ctr., No 3:07 CV 1625 (N.D. Ohio filed June 1, 2007) brought under 42 U.S.C. § 1983 was assigned to United States District Judge Jack Zouhary. In that action, Mr. Rice claimed the defendant was negligent in maintaining its facility and was deliberately indifferent to his serious medical needs. The action was considered on the merits and dismissed pursuant to 28 U.S.C. § 1915(e) on August 15, 2007.

Mr. Rice has now filed the within action asserting that the defendants were negligent in maintaining the facility and were deliberately indifferent to his serious medical needs. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Rice is therefore precluded from litigating this matter for a second time.

3

In addition, even if Mr. Rice could bring this action, his claims would be untimely. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in September 2006. Mr. Rice left the Lucas County Corrections Center in October 2006. This action was filed on December 22, 2009, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

**S/JAMES G. CARR**
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.